**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELDIIAR ZHUMAEV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-736 |
| | ) | |
| LEONARD ODDO *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

I.      INTRODUCTION

Presently pending before the Court is a counseled Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") (Docket No. 1).    Petitioner Eldiiar Zhumaev ("Petitioner"), a native and citizen of Kyrgyzstan, entered the United States in October 2022 as a nonimmigrant B-2 visitor with authorization to remain in the United States for a temporary period not to exceed April 7, 2023, but who remained in the United States beyond that permitted date. (Docket Nos. 1, ¶¶ 1, 3, 20-21; 7-1; 7-2).   Petitioner's visa was revoked in May 2023.   (Docket No. 7-1 at 3).   On or about April 3, 2026, Petitioner was apprehended in Pennsylvania, he was issued a Notice to Appear, and he was detained at the Moshannon Valley Processing Center. (Docket Nos. 1, ¶¶ 1, 4, 26; 7-1; 7-2).   On April 14, 2026, Petitioner had a bond hearing and an immigration judge denied bond, finding that Petitioner was a flight risk.   (Docket Nos. 1, ¶¶ 31-32; 1-2; 7-1).   Petitioner reserved his right to appeal that bond denial decision.   (Docket No. 1, ¶ 33).   This Petition followed.   Respondents, through counsel, filed a Response to the Petition, and Petitioner filed a Reply.   (Docket Nos. 7, 8).   In essence, Petitioner seeks a declaration that his continued detention is unlawful, and further seeks immediate release from ICE custody, or alternatively, to be provided with a prompt, constitutionally adequate custody hearing at which the

1

Government shall bear the burden of justifying continued detention.  The Petition is now ripe for disposition.

II.    DISCUSSION

Petitioner is challenging the legality of his ongoing detention by contending that his bond hearing unconstitutionally required him to bear the burden of proving release is warranted.  *See* 8 C.F.R. §§ 1003.19(h)(3); 1236.1(c)(8); *Matter of Salas Pena*, 29 I. & N. Dec. 173, 174 (BIA 2025); *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

Section 1226(a) authorizes the Attorney General to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. §1226(a).  As long as the alien is not covered by Section 1226(c) (applying to those who fall within one of the enumerated categories of criminal offenses and terrorist activities), the Attorney General "may continue to detain the arrested alien" or "may release the alien on . . . bond . . . or conditional parole[.]"  8 U.S.C. § 1226(a)(1), (2).  "Detention during removal proceedings is a constitutionally permissible part of that process."  *Demore v. Kim*, 538 U.S. 510, 531 (2003).

The Attorney General, through the Department of Homeland Security's district director, makes an initial custody determination as to whether an alien should be detained pending completion of removal proceedings, or whether the alien should be released on bond.  *See* 8 C.F.R. § 236.1(c).  If the district director denies bond and the alien is not subject to an administratively final order of removal, the alien may seek release by requesting an initial bond redetermination hearing before an immigration judge.  *See* 8 C.F.R. §§ 236.1(d), 1003.19.[1]  The alien may appeal an immigration judge's decision on a bond redetermination to the Board of Immigration Appeals

---

[1]    If denied bond, an alien subsequently can request an additional bond redetermination hearing before an immigration judge, but only "upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."  8 C.F.R. § 1003.19(e).

("BIA").  *See* 8 C.F.R. § 236.1(d)(3).  The BIA's decision to detain or release an arrested alien on bond is discretionary and generally is not subject to judicial review.  *See* 8 U.S.C. § 1226(e) (providing that the Attorney General's discretionary judgment regarding the application of § 1226 shall not be subject to review, and stating that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole").

Here, Petitioner has been provided a bond hearing before an immigration judge who denied release by finding Petitioner to be a flight risk.  (Docket No. 1, ¶ 5).  That decision is appealable to the BIA.  *See* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f).  Petitioner has not pursued such an appeal but instead has filed the instant Petition challenging the constitutionality of the burden of proof set forth in the applicable regulations and the immigration judge's application of that legal standard to the evidence presented at the hearing.  However, "various provisions of the [Immigration and Nationality Act ("INA")] limit an alien's ability to collaterally attack (challenge) ongoing immigration proceedings through habeas."  *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026) (*per curiam*).  Notably, 8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

3

8 U.S.C. § 1252(b)(9).[2]  This statutory provision "strips the District Court of jurisdiction" and requires the alien to "wait to raise his claims until he files a petition for review (PFR) of a final order of removal." *Khalil*, 164 F.4th at 273 (indicating that detention is an "'action taken' as a part of . . . removal proceedings," and applying § 1252(b)(9) to conclude that legal challenges to both removal and detention pending removal proceedings "arise from" that action or proceeding and are inextricably linked to it such that these challenges may be reviewed meaningfully on a PFR).

In this Court's considered judgment, the Petition seeks judicial review of questions of law and fact inextricably linked to and arising from an action taken or proceeding brought to remove Petitioner from the United States, including the application of the Due Process Clause to the regulatorily established burden of proof applied by the immigration judge when evaluating evidence presented (or not presented) at the bond hearing afforded to Petitioner pursuant to Section 1226(a).

III.    CONCLUSION

The Court concludes that it is precluded from adjudicating questions of law and fact arising from the burden of proof applied by the immigration judge's bond hearing pursuant to 8 U.S.C. § 1252(b)(9).  Therefore, Petitioner's Petition for Writ of Habeas Corpus is denied.

Accordingly, the Court enters the following Order:


AND NOW, this 5th day of June, 2026, IT IS HEREBY ORDERED that Petitioner Eldiiar Zhumaev's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket No. 1) is DENIED.

---

[2]    *See also* 8 U.S.C. § 1226(e).

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record